IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-867-JLK

BIOMEDICAL DEVICE CONSULTANTS &
LABORATORIES OF COLORADO, LLC,

    Plaintiff,

v.

VIVITRO LABS, INC.,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION** [1]

---

[1] Pursuant to the Honorable John Kane's Practice Standard IV.A., counsel for Defendant conferred with counsel for Plaintiff on April 17 and 24, 2023, regarding the relief requested in this motion. Plaintiff opposes the requested relief.

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................. 3
II.    STATEMENT OF RELEVANT FACTS .............................................................................. 3
III.   LEGAL STANDARDS .......................................................................................................... 6
       A. Choice of Law ................................................................................................................. 6
       B. Motions to Dismiss under Rule 12(b)(2) ........................................................................ 6
       C. Personal jurisdiction for patent infringement under Rule 4(k)(1)(A) ............................. 7
       D. Rule 4(k)(2) only applies when the defendant is not subject to jurisdiction in any state. .. 9
IV.    PLAINTIFF BDC HAS NOT ESTABLISHE AND CANNOT ESTABLISH THIS
       COURT'S JURISDICTION OVER DEFENDANT VIVITRO ......................................... 10
       A. Plaintiff cannot prove that personal jurisdiction under Rule 4(k)(1)(A) is proper because
          ViVitro lacks minimum contacts with Colorado to comport with due process. ............... 10
       B. This Court cannot lawfully exercise personal jurisdiction over ViVitro under Rule 4(k)(2)
          because other proper forums existed at the filing of this suit. ..........................................11
          1. Personal jurisdiction over ViVitro exists in California for BDC's infringement claim. .
             ................................................................................................................................... 13
          2. Personal jurisdiction over ViVitro exists in Massachusetts for BDC's infringement
             claim........................................................................................................................... 16
V.     CONCLUSION .................................................................................................................... 17
CERTIFICATE OF SERVICE ...................................................................................................... 18
INDEX OF EXHIBITS .................................................................................................................. 19

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and the Order Setting Preliminary Injunction Hearing and Briefing Schedule (ECF No. 11), Defendant ViVitro Labs Inc. ("Defendant" or "ViVitro") respectfully moves this Court to dismiss the complaint of Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC's ("Plaintiff" or "BDC") (ECF No. 1) (the "Complaint") for lack of personal jurisdiction.

I.  INTRODUCTION

BDC has not established that this Court has personal jurisdiction over ViVitro. BDC filed this action in the District of Colorado on April 7, 2023, even though the *only* connection to this forum is that it is Plaintiff's and its counsel's home state. The Complaint does not otherwise allege (or even reference) any conduct by ViVitro related to Colorado. In fact, ViVitro has no meaningful contacts with Colorado that would permit the exercise of jurisdiction here.

Implicitly conceding this lack of contacts with the forum, BDC instead relies on a narrow exception to the typical jurisdictional analysis, the federal long-arm statute of Fed. R. Civ. P. 4(k)(2), which may allow jurisdiction over foreign defendants who otherwise could not be sued in any single state. But because personal jurisdiction over ViVitro exists elsewhere, Rule 4(k)(2) is not applicable. Accordingly, as explained further below, the case against ViVitro should be dismissed for lack of personal jurisdiction.

II.  STATEMENT OF RELEVANT FACTS

ViVitro is a Canadian company that offers cardiovascular medical device testing equipment and related contract testing services. **Exhibit 1**, Declaration of Karim Mouneimné ("Mouneimné Decl.") ¶ 3. ViVitro is a relatively small company of fifteen full-time employees—all residing in Canada. *Id.* ¶ 5. Among other things, ViVitro's products and services allow

3

medical device manufacturers to test their devices (such as artificial heart valves) to ensure they are safe and durable for use throughout the service-life of the medical device. *See Id.* ¶¶ 3, 14; Complaint ¶¶ 12–13.

Within the last year, ViVitro began promoting a forthcoming, improved product it was developing called the Heart Valve Durability Tester with Advanced Dual Control (ADC) Technology. Mouneimné Decl. ¶ 14. This is the product Plaintiff BDC accuses of infringing its patent (the "ADC tester" or "Accused Product"). Complaint ¶ 18.

In September 2022, ViVitro went public with the Accused Product, its ADC tester, at one of the leading cardiovascular conferences in the United States, the Transcatheter Cardiovascular Therapeutics (TCT) 2022 Conference, in Boston, Massachusetts. Mouneimné Decl. ¶ 16. ViVitro sent one quarter of its entire staff—its President, Business Development (aka sales) Manager, Product Development Manager, and Director of Innovations and Technology—along with a working prototype of the ADC tester, to Boston, where they paid for and operated a booth at the conference. *Id.*; Complaint ¶¶ 20, 25. While there, the ViVitro representatives displayed and demonstrated the operation of their new ADC tester for the purpose of marketing it to and generating interest from potential customers. Mouneimné Decl. ¶ 16; *see also* ECF No. 8-1 ("Weinberg Decl.") ¶ 38 (BDC's Chief Technology Officer stating he "observed" the Accused Product "in operation"). And although ViVitro has not yet received any actual orders from customers in Massachusetts, ViVitro has solicited purchase orders for the product from four potential customers in Massachusetts in addition to the marketing and sales efforts at the 2022 TCT Conference. Mouneimné Decl. ¶ 17.

4

ViVitro has also promoted the ADC tester in California, including at a major trade show there. In February 2023, ViVitro's President and Business Development Manager attended the MD&M West 2023 show in Anaheim, California, the leading medical device suppliers' trade show in the United States. Mouneimné Decl. ¶ 18; Complaint ¶ 25. The ViVitro representatives again paid for and operated a booth at the trade show, and they displayed and provided demonstrations of the prototype of the ADC tester. Mouneimné Decl. ¶ 18; Weinberg Decl. ¶ 42. The purpose of ViVitro's attendance was, again, to market and generate customer interest in and potential sales of ViVitro's products, including the ADC tester, along with other ViVitro products and services. Mouneimné Decl. ¶ 18.

In addition to the California trade show, ViVitro sent representatives to California two other times between September 2022 and Plaintiff's filing of this lawsuit for the purpose of promoting and demonstrating the ADC tester. *Id.* ¶ 19. During those two visits, sales literature for the ADC tester was shown to at least ten different potential customers—all companies with offices in California. *Id.* Although ViVitro has not yet received any orders from these efforts, ViVitro has marketed the Accused Product to and solicited purchase orders for the product from eight potential customers in California. *Id.* (At this time, ViVitro has not produced any units of the Accused Product for delivery to potential customers, as the product has not yet completed ViVitro's internal design phase. *Id.* ¶ 14; *see also* Complaint ¶ 19; Weinberg Decl. ¶ 44.)

In contrast to its sales and marketing efforts to potential customers in California and Massachusetts, ViVitro has not undertaken *any* sales or offers for sale of the ADC tester in Colorado or to customers based in Colorado. Mouneimné Decl. ¶ 15. ViVitro has not

5

communicated with, visited, or sent any representatives to any company in Colorado for the purpose of marketing, demonstrating, or selling the ADC tester. *Id.*

Last, although ViVitro products and services are used by many research and development teams around the world, ViVitro does not have any general business contacts with the state of Colorado. Indeed, ViVitro:

- does not have any employees, independent sales representatives, or distributors in Colorado;
- is not registered or licensed to do business in Colorado;
- does not have any offices, real property, tangible property, or bank accounts in Colorado; and
- does not direct any print, radio, television, website, or other advertising specifically to residents of Colorado.

*Id.* ¶¶ 6–12.

### III.   LEGAL STANDARDS

#### A.   Choice of Law

Federal Circuit law applies to personal jurisdiction issues in claims of patent infringement because they are "intimately involved with the substance of the patent laws." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir.1995)); *BASF Corp. v. Willowood, LLC*, 359 F. Supp. 3d 1018, 1025 (D. Colo. 2019) (applying Federal Circuit law).

#### B.   Motions to Dismiss under Rule 12(b)(2)

Under Fed. R. Civ. P. 12(b)(2), a court must grant a motion to dismiss if it lacks personal jurisdiction over a defendant. Where a court's disposition as to the personal jurisdictional

question is based on affidavits and other written materials in the absence of an evidentiary hearing, the plaintiff must make a *prima facie* showing that the defendant is subject to personal jurisdiction. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). Further, in the procedural posture of a motion to dismiss, a district court must construe the pleadings and affidavits in the light most favorable to the plaintiff. *Id.* However, a plaintiff is only entitled to reasonable inferences from the alleged facts. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009). Moreover, the court should only assume the truth of "allegations that are 'plausible, non-conclusory, and non-speculative.'" *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1179 (10th Cir. 2014).

### C.     Personal jurisdiction for patent infringement under Rule 4(k)(1)(A)

Fed. R. Civ. P. 4(k)(1)(A) allows for personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Application of this provision involves two steps: first, the court must decide whether the forum state's long-arm statute permits service of process. *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1410–11 (Fed. Cir. 2009). Second, the court must determine whether the exercise of personal jurisdiction in accordance with the state's long-arm statute would violate the U.S. Constitution's guarantee of due process. *Id.* Where the state's long-arm statute confers the maximum jurisdiction permissible under the Due Process Clause, the two-step inquiry collapses into a single question: whether due process is satisfied by the court's exercise of personal jurisdiction. *See id.* at 1411.

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, [the defendant must] have certain minimum contacts with [the forum] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts requires that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum and therefore has invoked the benefits and protection of the forum's laws. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1296–97 (Fed. Cir. 2009).

Depending on the nature and number of contacts with the forum state, a court may have general or specific personal jurisdiction over a defendant. *Id.* at 1297. *General* personal jurisdiction is established where the defendant has "continuous and systematic general business contacts" with the forum state—even where the contacts are unrelated to the suit. *Id.* The defendant's affiliations with the forum state must be so "continuous and systematic" as to render it "essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

The Federal Circuit's "three-factor test" for *specific* personal jurisdiction, on the other hand, "considers whether (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair. *Synthes*, 563 F.3d at 1297 (citing *Elecs. for Imaging*, 340 F.3d at 1350).[2] In an "ordinary patent infringement suit"—like this one—the

---

[2] The Federal Circuit explained in *Electronics for Imaging* that "[t]he first two factors correspond to the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor with the 'fair play and substantial justice' prong." 340 F.3d at 1350 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)).

question of specific personal jurisdiction is "relatively easily discerned from the nature and extent of the commercialization of the accused products … by the defendant in the forum" because the claim itself "'arises out of' and 'relates to' the defendant's alleged manufacturing, using, or selling of the claimed invention." *Avocent*, 552 F.3d at 1332. Thus, specific personal jurisdiction may be properly asserted even if the contacts in the state are isolated and sporadic, or even where only one substantial contact with the forum exists. *Synthes*, 563 F.3d at 1297.

The plaintiff bears the burden as to the first and second requirements and, if proven, the burden then shifts to the defendant to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1000 (Fed. Cir. 2018).

### D. Rule 4(k)(2) only applies when the defendant is not subject to jurisdiction in any state.

Federal Rule of Civil Procedure 4(k)(2) "serves as a federal long-arm statute" that gives district court personal jurisdiction over "over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." *Synthes*, 563 F.3d at 1296. This rule was adopted to ensure a U.S. forum for federal claims against non-resident defendants who do not have sufficient "'minimum contacts' with any individual state" to exercise personal jurisdiction but *do* have sufficient contacts "with the United States as a whole." *Touchcom*, 574 F.3d at 1414. Thus, Fed. R. Civ. P. 4(k)(2) gives personal jurisdiction over a defendant only if: "(1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process." *Id.*

For the second requirement, the Federal Circuit has adopted a burden-shifting approach, sometimes called "the negation requirement." Instead of the plaintiff proving that the defendant is *not* subject to jurisdiction in all fifty states, the defendant has the burden to identify a "forum where jurisdiction would have been proper at the time of filing" to preclude the use of Rule 4(k)(2). *In re Stingray IP Sols., LLC*, 56 F.4th 1379, 1385–86 (Fed. Cir. 2023) (holding that a defendant's "unilateral, post-suit consent" to jurisdiction is insufficient to meet its burden). Therefore, if the plaintiff "could have brought suit" in some other forum, the federal long-arm statute cannot be used to establish jurisdiction elsewhere. *Id.*; *see also Touchcom*, 574 F.3d at 1416 ("If … the district court determines that appellees are subject to personal jurisdiction in another state … the district court is welcome to transfer the case as it sees fit.").

The third requirement asks whether the defendant's contacts with the United States as a whole (rather than a forum state alone) are sufficient to satisfy due process. *M-I Drilling*, 890 F.3d at 999; *Touchcom*, 574 F.3d at 1416. Otherwise, "the test of specific jurisdiction under 4(k)(2) involves the same steps as under 4(k)(1)," *Touchcom*, 574 F.3d at 1416.

## IV. PLAINTIFF BDC HAS NOT ESTABLISHE AND CANNOT ESTABLISH THIS COURT'S JURISDICTION OVER DEFENDANT VIVITRO

### A. Plaintiff cannot prove that personal jurisdiction under Rule 4(k)(1)(A) is proper because ViVitro lacks minimum contacts with Colorado to comport with due process.

As an initial matter, BDC fails to establish personal jurisdiction in Colorado under the typical standards based on a defendant's activity or contacts within the forum. There is not a single allegation in the Complaint related to the state of Colorado—other than Plaintiff and its

counsel being at home here. *See generally* Complaint.[3] BDC therefore cannot make a *prima facie* showing under the Federal Circuit's three-factors test for specific jurisdiction, *Elecs. for Imaging*, 340 F.3d at 1350, much less that ViVitro is "essentially at home" in this state, *Goodyear*, 564 U.S. at 919. And the Declaration of ViVitro's President confirms what the Complaint implicitly concedes: ViVitro has no contacts that would establish general jurisdiction, and it has not directed any activities relating to the Accused Product in or to any Colorado company or resident, so specific jurisdiction is also lacking. Mouneimné Decl. ¶¶ 6–12, 15.[4] Accordingly, personal jurisdiction over ViVitro does not exist here under Fed. R. Civ. P. 4(k)(1).

> **B. This Court cannot lawfully exercise personal jurisdiction over ViVitro under Rule 4(k)(2) because other proper forums existed at the filing of this suit.**

BDC relies on the federal long-arm statute for personal jurisdiction in a single allegation of the Complaint: "The Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ.

---

[3] If BDC's opposition to this motion only asserts jurisdiction is proper here based on Rule 4(k)(2), then the Court may proceed directly to that analysis without assessing jurisdiction under Rule 4(k)(1). *Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc.*, No. 6:18-CV-377-RWS-KNM, 2019 WL 5954966, at *4 (E.D. Tex. July 17, 2019) (citing *Am. GNC Corp. v. GoPro, Inc.*, No. 18-CV-00968-BAS-BLM, 2018 WL 6074395, at *3 (S.D. Cal. Nov. 6, 2018)).

[4] Paragraph 25 of the Complaint alleges the accused product is listed on ViVitro's website, but "the mere existence of an interactive website, like the existence of an out-of-state store" is insufficient to show a defendant has minimum contacts with a forum. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017) (concluding "address selector" dropdown identifying Kansas was insufficient to connect "defendant's infringing acts … with the forum State"). ViVitro has not targeted its website or any other advertising specifically at residents of Colorado. Mouneimné Decl. ¶ 12.

11

P. 4(k), because Defendant is a foreign corporation that has committed acts of infringement within the United States but Defendant is not subject to jurisdiction in any state's courts of general jurisdiction." Complaint ¶ 10. The only issue to resolve is whether ViVitro can satisfy the so-called "negation requirement."[5] Because ViVitro is subject to jurisdiction in another state, Rule 4(k)(2) does not apply to permit this Court to exercise personal jurisdiction. *See Touchcom*, 574 F.3d at 1412.

Specifically, personal jurisdiction would have been proper at the time of filing in the courts of both Massachusetts and California. *Touchcom*, 574 F.3d at 1415. The Complaint itself alleges that infringing acts took place in both California and Massachusetts, and those alleged acts would, standing alone, be sufficient to establish specific personal jurisdiction.[6] *See Georgetown*, 2019 WL 5954966, at *8 (granting motion to dismiss and finding Rule 4(k)(2) inapplicable where the plaintiff's "own allegations of infringement … show an independent basis for jurisdiction" in two other fora identified by defendant). However, as shown in the Mouneimné declaration, ViVitro has purposefully directed other activities in those two states related to the Accused Product, and those activities further establish that personal jurisdiction over ViVitro exists in either of those two states.

---

[5] ViVitro agrees that BDC's claim arises under federal law and does not contest that—were Rule 4(k)(2) applicable, i.e., if there were not another forum where jurisdiction is proper—due process requirements would be satisfied. *See Knoll, Inc. v. Senator Int'l Ltd.*, No. 19-cv-4566, 2020 WL 1922780, at *6 (E.D. Pa. Apr. 21, 2020).

[6] ViVitro disputes that its product infringes the asserted patent but assumes the allegations of the Complaint are true for the purpose of this motion to dismiss.

1. **Personal jurisdiction over ViVitro exists in California for BDC's infringement claim.**

As an initial matter, California's long-arm statute is coextensive with the limits of due process. *Inamed*, 249 F.3d at 1359. Therefore, the first step of the personal jurisdiction inquiry (whether the California's long-arm statute permits service of process) effectively collapses into the second (whether the exercise of jurisdiction comports with due process). *Id.*; *Touchcom*, 574 F.3d at 1410–11.

Jurisdiction in California comports with due process because ViVitro's contacts with the state are sufficient to give rise to specific personal jurisdiction. Under the Federal Circuit's specific personal jurisdiction test, (1) ViVitro purposefully directed its activities at California residents, (2) the infringement claim arises out of or relates to ViVitro's activities with California, and (3) ViVitro does not dispute that the assertion of personal jurisdiction is reasonable and fair in California.

First, ViVitro purposefully directed activities at California by bringing the Accused Product to a trade show in California, where it paid for and hosted a booth, spoke with potential customers, provided product demonstrations, and generally sought to market and generate customer interest in its business and products—including the Accused Product. Mouneimné Decl. ¶ 18; Weinberg Decl. ¶ 42; Complaint ¶¶ 20, 25. In addition to the activities at the California trade show, ViVitro representatives have physically traveled to California two times for the purpose of promoting and demonstrating the Accused Product to at least ten different potential customers. *Id.* ¶ 19. ViVitro has solicited purchase orders from eight different companies in California across those two visits to the state. *Id.* These numerous intentional contacts with California confirm that ViVitro has purposefully directed its activities at the state.

*Walden v. Fiore*, 571 U.S. 277, 285 (2014) (explaining that "physical entry into the State" is "a relevant contact" in minimum contacts analysis); *Synthes*, 563 F.3d at 1297–98 (concluding that two employees' attendance at a trade show to display the accused product in the forum were relevant "deliberate contacts").

Second, BDC's claim clearly arises out of or relates to such California activities. *See M-I Drilling*, 890 F.3d at 999 ("'[E]ven a single contact with a forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim' of patent infringement."). BDC relies on the trade show activity described above to form the basis of its infringement claim, by alleging that ViVitro "imported," "displayed," and "offered for sale" the Accused Product at the California trade show. Complaint ¶¶ 20, 25. And Mr. Weinberg, BDC's CTO, declared in support of BDC's motion for preliminary injunction that he personally "observed" the Accused Product at the California trade show. Weinberg Decl. ¶ 42. BDC also relies on these facts in its preliminary injunction motion to argue that ViVitro is "actively marketing and selling" the accused product. ECF No. 8 at 5–6 (noting that ViVitro marketed the Accused Product in California).

Plaintiff's infringement claims therefore arise out of or relate to ViVitro's activities in California. These allegations that form the "basis for [BDC's] cause of action" also "provide[] the basis for specific jurisdiction." *Knoll*, 2020 WL 1922780, at *5 ("Suit-related conduct in a patent case is the alleged infringing activity—the basis for the cause of action—in the forum state. Typically, offers to sell or sale of the infringing product in the forum state provides the basis for specific jurisdiction."); *see also Avocent*, 552 F.3d at 1332 ("In the ordinary patent

infringement suit, … the claim both 'arises out of' and 'relates to' the defendant's alleged manufacturing, using, or selling of the claimed invention.").

The Federal Circuit has held that attendance of *one* trade show and the importation of the accused product for display at that trade show were sufficient contacts to establish specific personal jurisdiction in the forum. *Synthes*, 563 F.3d at 1297–98.[7] And district courts have followed suit. *See, e.g.*, *Knoll*, 2020 WL 1922780, at *6–8 (refusing to apply Rule 4(k)(2) because specific personal jurisdiction over foreign defendant was proper in another state due to display of infringing product at trade show in that other state); *C.R. Daniels, Inc. v. Naztec Int'l Grp., LLC*, No. ELH-11-01624, 2011 WL 6026293, at *9–10 (D. Md. Dec. 2, 2011) (applying *Synthes* to find that specific personal jurisdiction was proper based on attendance and display of accused product at booth at industry conference).

Here, not only has ViVitro demonstrated the Accused Product at a California trade show, but it has also had numerous additional contacts with California related to the Accused Product. Therefore, as in *Synthes*, *Knoll*, and *C.R. Daniels*, specific personal jurisdiction exists, and is fair and reasonable, in California based upon ViVitro's activities in California relating to the Accused Product.

---

[7] The Federal Circuit's three-part test for specific personal jurisdiction is the same regardless of whether the forum is the United States "as a whole," as in *Synthes* where Rule 4(k)(2) applied, or an individual state. *Touchcom*, 574 F.3d at 1416 ("[T]he test of specific jurisdiction under 4(k)(2) involves the same steps as under 4(k)(1) ….").

### 2. Personal jurisdiction over ViVitro exists in Massachusetts for BDC's infringement claim.

Massachusetts' long-arm statute is not coextensive with the limits of due process, so it must be examined first in the personal jurisdiction analysis. The Massachusetts long-arm statute provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's … transacting any business in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(a). Activities, purchases, and business transactions within Massachusetts that are intertwined with an accused infringing product can be sufficient to satisfy the "transacting any business" provision of the Massachusetts long-arm statute. *See Soitec, S.A. v. Silicon Genesis Corp.*, 81 F. App'x 734, 736 (Fed. Cir. 2003).

Here, ViVitro has engaged in activities in Massachusetts that are intertwined with the Accused Product, including intentionally marketing and soliciting purchases of the Accused Product in Massachusetts. These activities include bringing the Accused Product to a trade show in Massachusetts, where ViVitro paid for and hosted a booth, spoke with potential customers, provided demonstrations of the Accused Product, and generally sought to market and generate customer interest in its business and products—including the Accused Product. Mouneimné Decl. ¶ 16; Weinberg Decl. ¶ 38; Complaint ¶¶ 20, 25. Additionally, ViVitro has solicited (though it has not yet received) purchase orders for the Accused Product from four different potential customers in Massachusetts. Mouneimné Decl. ¶ 17. These business activities are intertwined with the Accused Product and therefore are contemplated by Section 3(a) of Massachusetts' long-arm statute. *Soitec*, 81 F. App'x at 736.

BDC's cause of action unquestionably arises from these Massachusetts activities because, like the California conduct, they form part of the very basis of Plaintiff's complaint and motion

for injunctive relief. Complaint ¶¶ 20, 25 (alleging that the Accused Product was "imported," "displayed," and "offered for sale" at a trade show in Massachusetts); Weinberg Decl. ¶ 38 (declaring that he "observed" the Accused Product "in operation" at the Massachusetts trade show). Thus, service of process is proper under Massachusetts' long-arm statute.

And as with the California contacts, ViVitro's activities in Massachusetts—attending a trade show and demonstrating, marketing, and offering to sell the Accused Product to prospects at the trade show and elsewhere—are purposefully directed at Massachusetts and arise out of or relate to the infringement claim. Therefore, the exercise of jurisdiction over ViVitro in Massachusetts also comports with due process.

Because ViVitro has shown, based on the Complaint alone but also in view of the Declaration of Mr. Mouneimné, that BDC could have brought this suit in either Massachusetts or California, the federal long-arm statute of Rule 4(k)(2) does not apply. *See In re Stingray*, 56 F.4th 1385–86.

## V.   CONCLUSION

As Plaintiff has essentially conceded, ViVitro has no contacts with Colorado that would support the exercise of specific personal jurisdiction here, much less general jurisdiction. Further, this suit could have been brought in two other forums available to BDC—California or Massachusetts. Accordingly, the federal long-arm statute of Rule 4(k)(2) cannot be used to confer personal jurisdiction over ViVitro in Colorado. ViVitro respectfully asks that the Court dismiss the Complaint for lack of personal jurisdiction.

Dated: May 5, 2023.                    Respectfully submitted,

                                       */s/ Warren J. Thomas*

                                       Warren J. Thomas
                                       John W. Harbin
                                       MEUNIER CARLIN & CURFMAN LLC
                                       999 Peachtree Street NE, Suite 1300
                                       Atlanta, GA 30309
                                       Telephone: (404) 645-7700
                                       Email: wthomas@mcciplaw.com
                                              jharbin@mcciplaw.com

                                       Carolyn J. Fairless
                                       Jacob A. Rey
                                       WHEELER TRIGG O'DONNELL LLP
                                       370 Seventeenth Street, Suite 4500
                                       Denver, CO 80202-5647
                                       Telephone: (303) 244-1800
                                       Email: fairless@wtotrial.com
                                              rey@wtotrial.com

                                       *Attorneys for Defendant ViVitro Labs Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2023, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                       *s/Warren J. Thomas*

**INDEX OF EXHIBITS**

| Exhibit No. | Description |
| --- | --- |
| 1 | Declaration of Karim Mouneimné in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, dated May 5, 2023. |