**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-00867-JLK

BIOMEDICAL DEVICE CONSULTANTS &
LABORATORIES OF COLORADO, LLC,

    Plaintiff,

v.

VIVITRO LABS, INC.,

    Defendant.

**ORDER GRANTING IN PART DEFENDANT'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION (ECF NO. 20)**

Kane, J.

This patent-infringement case was brought by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC ("BDC") in its home state of Colorado against Defendant ViVitro Labs, Inc. ("ViVitro"), a Canadian company with no offices or employees in the United States and no relevant contacts with Colorado. *See* Compl. ¶¶ 6-7, ECF No. 1, Mouneimné Decl. ¶¶ 3-12, 15, ECF No. 20-1. Presently before me is ViVitro's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 20).[1] To establish personal jurisdiction over ViVitro in this case, BDC relies on Federal Rule of Civil Procedure 4(k)(2), which allows a district court to exercise personal jurisdiction over a foreign defendant when that defendant's contacts with the United States as a whole are sufficient to support the exercise of jurisdiction but the defendant is not subject to jurisdiction in any particular state's courts. ViVitro's Motion to Dismiss argues that ViVitro was subject to personal jurisdiction in other states' courts and consequently that Rule

---

[1] Also pending is BDC's Motion for Preliminary Injunction (ECF No. 8). A hearing on that Motion is set for June 6 and 7, 2023. Based on my ruling here, that setting will be vacated.

1

4(k)(2) cannot be applied. "[T]he determinative question for [the] Motion to Dismiss is whether specific personal jurisdiction existed in California" at the time this suit was filed. Reply in Supp. of Mot. to Dismiss at 3, ECF No. 27. I find that ViVitro's contacts with California were sufficient to establish personal jurisdiction and that jurisdiction here is therefore lacking. However, instead of dismissing the case as requested by ViVitro, I conclude that the interests of justice support transferring the case to the United States District Court for the Central District of California.

I. Legal Standards

A. Rule 4(k)(2)

Federal Rule of Civil Procedure 4(k)(2) provides that, "[f]or a claim that arises under federal law, serving a summons . . . establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

In patent-infringement cases, Federal Circuit law applies to personal-jurisdiction questions. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1292 (Fed. Cir. 2009). The Federal Circuit "read[s] Rule 4(k)(2) to allow a court to exercise personal jurisdiction over a defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process." *Id.* at 1293-94. ViVitro contests only the second prong of this standard. *See* Mot. to Dismiss at 12 n.5, ECF No. 20 ("ViVitro agrees that BDC's claim arises under federal law and [ViVitro] does not contest that—were Rule 4(k)(2) applicable, i.e.,

if there were not another forum where jurisdiction is proper—due process requirements would be satisfied.").

"Ordinarily, the plaintiff bears the burden of proof as to whether the defendant is subject to personal jurisdiction." *Synthes*, 563 F.3d at 1294.[2] But, under the second prong of the standard, a defendant may only avoid the application of Rule 4(k)(2) by "designat[ing another] suitable forum in which the plaintiff could have brought suit." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009); *In re Stingray IP Sols., LLC*, 56 F.4th 1379, 1385 (Fed. Cir. 2023) ("[T]he defendant's burden under the negation requirement entails identifying a forum where the plaintiff could have brought suit—a forum where jurisdiction would have been proper at the time of filing, regardless of consent." (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012))). ViVitro points to both California and Massachusetts as other forums in which BDC could have brought suit against it. Because I find ViVitro had more substantial contacts with California and that ViVitro would have been subject to personal jurisdiction there, I do not consider ViVitro's contacts with Massachusetts.

B. California's Long-arm Statute and Due Process

Determining whether personal jurisdiction over ViVitro would have existed in California "involves two inquiries: whether [California's] long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001) (citing *Genetic Implant Sys., Inc. v. Core–Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997)). "[B]ecause California's long-arm statute is

---

[2] In cases such as this one where personal jurisdiction is addressed without conducting an evidentiary hearing, the "plaintiff need only to make a *prima facie* showing that defendant[ is] subject to personal jurisdiction." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Id.* at 1360 (citing *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998)). As explained by the Supreme Court in *International Shoe Co. v. Washington*, due process demands that the defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

"Courts may exercise personal jurisdiction over defendants on either of two bases: general or specific jurisdiction." *Touchcom*, 574 F.3d at 1410 (citing *Synthes*, 563 F.3d at 1297). ViVitro contends that it was subject to specific jurisdiction in California. The Federal Circuit has "outlined a three-factor test for specific jurisdiction, which considers whether (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair. *Synthes*, 563 F.3d at 1297 (citing *Elecs. for Imaging*, 340 F.3d at 1350). "The first two factors correspond to the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed*, 249 F.3d at 1360 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)). "Under [the] test, a court may properly assert specific jurisdiction, even if the contacts are isolated and sporadic, so long as the cause of action arises out of or relates to those contacts." *Synthes*, 563 F.3d at 1297 (citing *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003)).

4

II. Relevant Facts[3]

BDC's Complaint alleges "ViVitro has recently launched a new heart valve durability tester that infringes at least one of BDC's Patents." Compl. ¶ 3. According to the Complaint, ViVitro imports and offers to sell its new product—the Heart Valve Durability Tester with Advanced Dual Control Technology (the "ADC tester")—in the United States. *Id.* ¶ 18, Mouneimné Decl. ¶ 14.

ViVitro's President and Business Development Manager attended a trade show in Anaheim, California, in February 2023. *Id.* ¶¶ 2, 18. ViVitro "paid for and operated a booth" at that trade show and "displayed and provided demonstrations of the prototype" of the ADC tester. *Id.* ¶ 18. By having its representatives attend the trade show, ViVitro intended "to market and generate customer interest in and potential sales of" the ADC tester and ViVitro's other products and services. *Id.* ViVitro also sent representatives around the Irvine and San Diego areas in California on two other occasions between September 2022 and the filing of this suit. *Id.* ¶ 19. The purpose of those trips was to promote and market the ADC tester to at least ten potential customers. *Id.* ViVitro solicited purchase orders for the ADC tester from eight potential customers in California, but it has not yet received any actual orders from customers there. *Id.*

III. Analysis

A. Specific Personal Jurisdiction in California

Based on those contacts, specific jurisdiction existed in California at the time this suit was filed. While I do not disagree with BDC that mere presence at a single trade show is

---

[3] Since personal jurisdiction is being addressed on a motion to dismiss, I "must accept the uncontroverted allegations in the [BDC's] complaint as true and resolve any factual conflicts in the affidavits in [its] favor." *Elecs. for Imaging*, 340 F.3d at 1349.

5

insufficient to support personal jurisdiction, *see* Resp. to Mot. to Dismiss, ECF No. 25 at 9, 12, BDC ignores the nuances in the case law and does not account for the fact that ViVitro's conduct involved more than just attending a trade show.

ViVitro purposefully directed its activities at residents of California. Its representatives "paid for and operated a booth" at the trade show in California, and they "displayed and provided demonstrations of the prototype" of the ADC tester. Mouneimné Decl. ¶ 18. Their intent was "to market and generate customer interest in and potential sales of" the ADC tester. *Id.* In addition to the trade show, ViVitro sent representatives to promote and market the ADC tester to at least ten potential customers in California. *Id.* ¶ 19. These facts make it clear that ViVitro directed its activities at parties in California. Reviewing the allegations in the Complaint, BDC's claim unquestionably arises out of ViVitro's activities in California. The Complaint identifies as infringing conduct ViVitro's importation of the ADC tester into California and its display of and offer to sell the product at the trade show in California. *See* Compl. ¶¶ 20, 25. As for the final factor of the test, neither party provides any basis for why the exercise of personal jurisdiction over ViVitro in California would not comport with fair play and substantial justice. And I discern that it would.

My determinations here are influenced by the Federal Circuit's decision in *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*. In that case, a U.S. company sued a Brazilian corporation for importing and/or offering to sell locking bone plates that infringed the plaintiff's patent rights. *Synthes*, 563 F.3d at 1288. Reversing the district court, the Federal Circuit held that personal jurisdiction over the defendant existed based on Rule 4(k)(2). *Id.* at 1300. The court found the following facts supported the conclusion that the defendant had purposefully directed its activities at parties in the forum:

> On behalf of [the defendant], Mr. Lecumberri brought locking bone plates into the United States from Brazil. As representatives of [the defendant], Mr. dos Reis and Mr. Lecumberri displayed those items at the [defendant's] booth at the 2007 [American Association of Orthopaedic Surgeons ("AAOS") Annual] Meeting in San Diego, California. In addition, in their declarations, Mr. dos Reis and Mr. Lecumberri admitted that they attended the AAOS Meeting because [the defendant] wanted to display its products to attendees of the trade show. In fact, in its motion to dismiss, [the defendant] noted that its participation in the 2007 AAOS Meeting was part of its international sales effort.

*Synthes*, 563 F.3d at 1297–98. Here, ViVitro's representatives likewise brought a prototype of the allegedly infringing product to California and displayed that product at their booth during a trade show.[4] Mouneimné Decl. ¶ 18. ViVitro also represents, through its President, that its purpose for attending the trade show was to market and generate potential sales of that product. *Id.*

The court in *Synthes* next determined that the plaintiff's claim of patent infringement in the case arose "directly out of [the defendants] bringing the locking bone plates into the United States, displaying them at the 2007 AAOS Meeting in San Diego, and trying to generate interest in [the defendant's] products among attendees of the trade show." *Synthes*, 563 F.3d at 1298. The facts here compel the same conclusion.

BDC attempts to distinguish *Synthes* as the court did in *InfoNow Corp. v. Zyme Solutions, Inc.*, 12-cv-03255-MSK-MEH, 2013 WL 4052183, at *6 (D. Colo. Aug. 6, 2013). In that District of Colorado case, the court held that the defendant's "single visit to Colorado [wa]s insufficient to constitute a contact that would support the exercise of[] specific jurisdiction over it." *Id.* at *7.

---

[4] BDC contends that the conclusions in *Synthes* are inapplicable because the court analyzed the defendant's contacts with the United States as a whole, whereas I must consider ViVitro's contacts with California only. *See* Resp. to Mot. to Dismiss, ECF No. 25 at 12-13. The standard for specific jurisdiction is, however, the same whether the assessment is of contacts with the U.S. or a single state. *See Touchcom*, 574 F.3d at 1416 ("[W]hile the test of specific jurisdiction under 4(k)(2) involves the same steps as under 4(k)(1), we must consider appellees 'contacts with the nation as a whole.'" (quoting *Synthes*, 563 F.3d at 1296)). Thus, the analysis in *Synthes* is instructive here.

The visit in *InfoNow* was between the defendant, a Delaware corporation with its principal place of business in California, and a California corporation with offices in Colorado. *Id.* at *2, 5. The court emphasized that the defendant's "efforts to secure a customer agreement with [the California corporation] were actions directed at a resident of California, not Colorado," making the defendant's attendance at the meeting "merely fortuitous." *Id.* at *6. Those facts do not align with the ones in this case and do not undercut the application of *Synthes* here.

BDC cites a number of other cases to support its contention that ViVitro's California "contacts, as a matter of law, are insufficient for [the] exercise of personal jurisdiction by California courts." Resp. to Mot. to Dismiss, ECF No. 25 at 12. The decisions cited by BDC, however, are not binding authority and either turn on how the defendant's attendance at a trade show was not related to the claims in the case or how the defendant's activity was not directed at residents of the forum. *See, e.g.*, *Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*, No. 2:10-cv-07902-PSG, 2011 WL 13217669, at *5 (C.D. Cal. Jan. 12, 2011) (concluding that "[t]he allegations and evidence do not establish that even a small part of Plaintiff's claim arises out of Defendant's contact with California"); *ASM Assembly Sys. v. QTS Eng'g, Inc.*, No. 14-cv-00714, 2016 WL 278734, at *2 (S.D. Cal. Jan. 22, 2016) (stressing that the defendant "had no other contacts with California or its residents" and that "a single appearance at an international annual trade show" did not constitute "'purposefully direct[ing] its activities' at California residents").[5]

---

[5] Additionally, BDC argues that "Colorado courts have repeatedly exercised jurisdiction over a foreign defendant under Rule 4(k)(2) even when *none* of the defendant[']s contacts with the United States involved Colorado. Resp. to Mot. to Dismiss, ECF No. 25 at 9. As support for that assertion, BDC cites *Compañía de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.V.* and describes the case as "exercising jurisdiction over [a] Mexican defendant in [a] case brought by [a] Bolivian plaintiff, where United States contacts were in Florida, New York, California and Texas—but not Colorado." *Id.* (citing *Compañía*, No. 15-cv-02120-JLK, 2018 WL 10561511, at *3 (D. Colo. Dec. 12, 2018)). First, *Compañía* did involve connections to Colorado. *See Compañía*, 2018 WL 10561511, at *4. And, second, the defendants in that case specifically did not argue they were subject to jurisdiction in another state such that

8

ViVitro directed its activities at parties in California, and BDC's claim arises out of those activities. Personal jurisdiction over ViVitro would have been proper in California at the time this suit was filed. As such, Rule 4(k)(2) may not be applied, and BDC has not made the requisite showing that ViVitro is subject to this Court's jurisdiction.

B.  Transfer of the Case

ViVitro moves for dismissal of this case under Federal Rule of Civil Procedure 12(b)(2). However, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . ." 28 U.S.C. § 1631; *see also Touchcom*, 574 F.3d at 1416 (indicating that, if a district court determines a defendant is subject to personal jurisdiction in another state, the "court is welcome to transfer the case as it sees fit"). I have already determined that there is a want of jurisdiction in Colorado and that personal jurisdiction would have existed for ViVitro in California. As set out above, the trade show at which ViVitro's representatives displayed and marketed the ADC tester and a later visit to California by its representatives occurred within the Central District of California.

Transfer to another court is often "in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and[ ]justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Dismissal in this case would likely waste resources and delay justice. The pending

---

Rule 4(k)(2) could not be applied. *See id.* at *3 n.4; *see also Companñía de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.V.*, 970 F.3d 1269, 1283 (10th Cir. 2020).

9

Motion for a Preliminary Injunction weighs heavily in favor of transferring the case instead of dismissing it.

## IV. Conclusion

ViVitro's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 20) is therefore GRANTED IN PART in that I find that this Court lacks personal jurisdiction over ViVitro. Considering the interests of justice and my determination that ViVitro would have been subject to personal jurisdiction in California when this case was filed, transfer of this case to the United States District Court for the Central District of California is warranted. The Clerk of the Court is DIRECTED to transfer this case to that court.

DATED this 29th day of May, 2023.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE