## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-867-JLK

BIOMEDICAL DEVICE CONSULTANTS &
LABORATORIES OF COLORADO, LLC,

      Plaintiff,

v.

VIVITRO LABS, INC.,

      Defendant.

---

### DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT UN-REDACTED VERSION OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND SELECT EXHIBITS

---

Pursuant to D.C.COLO.LCivR 7.2(c), Defendant ViVitro Labs, Inc. ("ViVitro") requests that the un-redacted version of ViVitro's Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition"), ECF No. 24, and select exhibits (Exhibits 1, 8, and 9) be afforded Level 1 restricted access.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), ViVitro's counsel certifies that they conferred with counsel for Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC ("BDC") about the relief requested herein, and BDC's counsel does not oppose this motion.

**UNOPPOSED MOTION**

1.      On April 12, 2023, BDC filed a Motion for Preliminary Injunction. ECF No. 8. On May 16, 2023, ViVitro filed its Opposition to BDC's motion. ECF No. 24. Pursuant to D.C.COLO.LCivR 7.2(e), ViVitro filed its Opposition and all attached exhibits as Restricted Level 1 to give the parties an opportunity to confer regarding the existence of confidential and protected information within the filings.

2.      The parties have now had an opportunity to confer regarding any confidential and protected information in ViVitro's filings, and both parties agree to remove the restriction over Exhibits 2-7, 10-12 (ECF Nos. 24-2, 24-3, 24-4, 24-5, 24-6, 24-7, 24-10, 24-11, 24-12).

3.      However, both parties agree that certain information in the Opposition and Exhibits 1, 8, and 9 is confidential and commercially sensitive information. For the reasons set out in this motion, ViVitro requests that the Court maintain the restriction over the Opposition and Exhibits 1, 8, and 9. The parties have separately reviewed the Opposition and have designated specific portions that they believe require redaction. Accordingly, ViVitro moves to maintain the un-redacted version of its Opposition and select exhibits (ECF Nos. 24, 24-1, 24-8, 24-9) as Restricted Level 1.

4.      Level 1 Restriction is proper under D.C.COLO.LCivR 7.2(c).

5.      First, the parties have a clear and significant interest in the confidentiality of commercially sensitive information. *Rickaby v. Hartford Life & Accident Ins. Co.*, No. 15-CV-00813-WYD-NYW, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016). This confidential and protected information includes sensitive details regarding financial information, license terms in

a confidential settlement agreement, and confidential engineering drawings. The parties' privacy interests exceed any general public interest. Restricting access to this information is necessary to protect the confidentiality and sensitive nature of this information. A public filing without redactions would permanently undermine the privacy interest in such documents.

6.      Second, removing the Level 1 restriction would result in a clearly defined and serious injury to the parties. ViVitro is an internationally prominent corporation, whose financial information and engineering drawings help advance a competitive edge in the small medical device industry. A public filing would disadvantage ViVitro's ability to continue to develop and advance technology. Likewise, if other companies in the medical device industry were to learn of BDC's settlement agreement, they would have an unfair advantage in negotiating any license agreement with BDC. Moreover, the vast majority of ViVitro's Opposition is not redacted in the proposed publicly accessible version of the filing. The redacted version provides sufficient information for the public to evaluate the arguments in ViVitro's Opposition.

7.      Third, ViVitro has attached as exhibits to this motion a redacted version of its Opposition, Exhibit 1, and Exhibit 8, which redact only those portions which are of a commercially sensitive and confidential nature. Regarding Exhibit 9—BDC's settlement and licensing agreement with a third party—no alternative to complete restriction would protect the highly confidential and sensitive nature of this document. Indeed, BDC designated the entirety of this document as Attorneys' Eyes Only and the vast majority of the provisions of this agreement are of a commercially sensitive nature. Thus, ViVitro has instead attached a new cover sheet for Exhibit 9, to inform the public of its Level 1 Restriction. The redacted versions can be filed

publicly on the Court's docket, along with the new cover sheet for Exhibit 9. Accordingly, ViVitro proposes the least restrict alternative to sealing the entire filing.

8.     Fourth, ViVitro requests a Level 1 Restriction, which is the lowest level of restricted access provided for in Local Civil Rule 7.2.

## **CONCLUSION**

For the foregoing reasons, ViVitro hereby respectfully requests that the Court maintain the un-redacted version of ECF. Nos. 24, 24-1, 24-8, and 24-9 as Restricted Level 1.

Dated: May 30, 2023.                    Respectfully submitted,

*/s/ Warren J. Thomas*
Warren J. Thomas
John W. Harbin
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Email: wthomas@mcciplaw.com
           jharbin@mcciplaw.com

Carolyn J. Fairless
Jacob A. Rey
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1800
Email: fairless@wtotrial.com
           rey@wtotrial.com

*Attorneys for Defendant ViVitro Labs Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2023, a true and correct copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Warren J. Thomas*
Warren J. Thomas