IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 1:23-cv-00867-JLK-SKC

BIOMEDICAL DEVICE CONSULTANTS &
LABORATORIES OF COLORADO, LLC

    Plaintiff,

vs.

VIVITRO LABS, INC.

    Defendant.

## PLAINTIFF'S MOTION TO RESTRICT ACCESS

Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC ("BDC"), by and through its undersigned counsel, and pursuant to D.C.COLO.LCivR 7.2, respectfully requests that the Court maintain Level 1 restriction to its Reply in Support of Motion for Preliminary Injunction ("Reply") [Dkt. 26]. In support, BDC states as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.L.CivR 7.1

Undersigned counsel conferred with counsel for Defendant. Defendant opposes the relief requested, in part. Defendant is agreeable to maintaining Level 1 restriction to sections of the Reply regarding its intellectual property, however, opposed BDC maintaining Level 1 restriction to sections that refer to settlement agreement that the Court ordered BDC to produce with the designation "outside attorneys' eyes only" [Dkt. 23].

### ARGUMENT

1.     On May 23, 2023, BDC filed its Reply under Level 1 restricted access. Dkt. 26.

2.     Pursuant to D.C.COLO.LCivR 7.2, BDC hereby moves to retain Level 1 restriction

to the Reply.

3. BDC's Reply refers to and consists of certain confidential, proprietary, and commercially sensitive information. Good cause exists to restrict public access to the Reply. If public access to this information is not restricted, there is a serious risk of disclosure of the parties' sensitive and proprietary information. Specifically, page 13 of the Reply refers to drawings of Defendant's intellectual property. Further, pages 37 and 38, refer to and incorporate information regarding BDC's separate settlement agreement, which the Court ordered to be produced with the designation "outside attorneys' eyes only". Dkt. 23.

4. BDC requests the above restriction because good cause exists to restrict the documents from public access, as they refer to and consist of confidential and highly sensitive proprietary or commercial information, including license terms in a confidential settlement agreement. *See Rickaby v. Hartford Life & Accident Ins. Co.*, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016). The parties' privacy interests exceed any general public interest.

5. As Defendant stated in its own motion to maintain restricted access regarding similar information: "A public filing would disadvantage ViVitro's ability to continue to develop and advance technology. Likewise, if other companies in the medical device industry were to learn of BDC's settlement agreement, they would have an unfair advantage in negotiating any license agreement with BDC." Dkt. 30 at 3.

6. To comply with D.C.COLO.LCivR 7.2, BDC is attaching a redacted version of the Reply, which will be available for public access on the Court's docket. *See* **Exhibit A.** The vast majority of BDC's Reply is not redacted in the proposed publicly accessible version of the filing. The redacted version provides sufficient information for the public to evaluate the arguments in

BDC's Reply.

## CONCLUSION

Wherefore, BDC respectfully requests that the Court enter an Order granting Level 1 restricted access to the non-public portion of BDC's Reply in Support of its Motion for Preliminary Injunction [Dkt. 26], and for such further relief as this Court deems just and proper.

Respectfully submitted this 6th day of June, 2023.

        DORSEY & WHITNEY LLP

        */s/ Maral J. Shoaei*
        Gregory S. Tamkin
        Maral J. Shoaei
        1400 Wewatta Street, Suite 400
        Denver, Colorado 80202-5549
        Telephone: (303) 629-3400
        E-mail: tamkin.greg@dorsey.com
        shoaei.maral@dorsey.com

        Shannon L. Bjorklund
        50 South Sixth Street, Suite 1500
        Minneapolis, MN 55402
        Telephone: (612) 340-2600
        E-mail: bjorklund.shannon@dorsey.com

        ***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

        */s/ Wynter Wells*
        Dorsey & Whitney LLP